IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       )
                                        )
         v.                           )      Criminal No. 20-46 Erie
                                          )
DONALD ROBERT WITHEROW      )

## SENTENCING MEMORANDUM

Donald Witherow sent firearm components and ammunition to a citizen of the Netherlands in violation of American and Dutch law.  He also somehow came into possession of flash bang devices that were supposed to be in the inventory of a Colorado police department.  Witherow deserves a guideline range sentence as there is nothing mitigating about his background or conduct here.

### Factual Background

On September 19, 2019, a United States Postal Service parcel was intercepted by Dutch law enforcement that contained 61 rounds of 9mm ammunition, 80 rounds of .223 ammunition, 3 magazines for a 9mm handgun, and 2 magazines for an AR-15 style (.223 caliber) rifle.  The parcel was exported on September 11, 2019, from the United States via the U.S. Postal Service from Don Witherow in Harborcreek, Pennsylvania to E.E. in Moordrecht, Netherlands and was manifested as a "Hiking Pack" and "Camping Pack."

On September 25, 2019, Dutch law enforcement arrested E.E. on firearm importation/possession charges and served a search warrant at E.E.'s residence. Seized items included a red colored polymer armorer's block that assists in the

machining process for an 80 percent handgun frame of a Glock 19 firearm and multiple electronic media that contained a photograph of E.E.'s wife holding an AR-15 style rifle.

On November 13, 2019, E.E. was interviewed by Dutch law enforcement and admitted to previously receiving three prior parcels from Donald Witherow that contained firearm components that enabled the completion of an AR-15 style rifle and Glock 19 handgun.   E.E. claimed he destroyed the AR-15 and Glock 19 prior to the Dutch law enforcement encounter due to the delayed delivery of the September 2019 parcel.  E.E. also revealed that the last parcel that was seized by Dutch law enforcement was a gift of ammunition from Witherow for the completed AR-15 and Glock 19.

A review of seized digital media from E.E. uncovered an email from August 14, 2019, with the text: www.5dtactical.com/orderdetails.asp?OrderID=5017009.  5D Tactical is a company that according to its website sells 80 percent Glock and AR-15 firearms.

In March 2020, a federal grand jury subpoena was served on 5D tactical related to order number 5017009.  Information received in response to the subpoena revealed that the order was sent to Witherow in August 2019.  The order consisted of a complete Glock 19 eighty percent build kit and was delivered to Witherow on August 28, 2019, at his address in Harborcreek, Pennsylvania.

On March 26, 2020, a federal search warrant was served at Witherow's residence in Harborcreek.  At first, Witherow agreed to speak to the interviewing

HSI agents.  During the interview, he stated that he had previously met a Dutch

male named E.E. in the Philippines.  Witherow stated he may have mailed a parcel

to E.E. a year ago that could have contained a "sling-shot" or "bug-out bag."  Agents

showed Witherow a photograph of the customs declaration related to the parcel

seized by the Dutch in September 2019 which contained his sender information.  At

that point, Witherow invoked his right to counsel.

Two flash bang devices, which were supposed to be in the inventory of a

Colorado police department, were also found during the search of Witherow's

residence.  ATF has determined these items to be destructive devices.  No

explanation has been obtained or provided as to how or why Witherow came to be in

possession of flash bang devices that were supposed to be in a Colorado police

department's inventory.  When questioned about the flash bang devices, the police

department was unaware that the devices were missing.

Investigators obtained shipping history information from the United States

Postal Service between Witherow and E.E. That data revealed the following:

a)  September 29, 2019, U.S.P.S. parcel CH050933022US was exported from
    Witherow and manifested as a "Bar Caddy".

b)  September 13, 2019, U.S.P.S. parcel CH077077788US was exported from
    Witherow and manifested as a "Hiking Pack" and "Camping Pack" (This
    parcel was the parcel seized by Dutch law enforcement);

c)  August 30, 2019, U.S.P.S. parcel CH076137485US was exported from
    Witherow and manifested as a "Model Train";

d)  June 19, 2019, U.S.P.S. parcel CH071414907US was exported from
    Witherow and manifested as a "Motorcycle Shaft".

Investigators also acquired Western Union information involving E.E. and Witherow. That material revealed the following payments sent from E.E. in the Netherlands to Witherow in Erie:

a)  September 9, 2019, $55.18;

b)  July 8, 2019, $858.40;

c) October 19, 2018, $264.94;

d) October 13, 2018, $744.14;

e) September 26, 2018, $122.93.

## Sentencing Protocol

It is well settled that district courts "must perform three steps in determining the appropriate sentence to impose on a defendant." *United States v. Wise*, 515 F.3d 207, 216 (3d Cir. 2008). First, "a district court must begin the process by correctly calculating the applicable Guidelines range." *Id. (*citing *United States v. Gall*, 128 S.Ct. 586, 596 (2007); *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006)). Second, the court must "formally rule on the motions of both parties and state on the record whether [it is] granting a departure and how that departure affects the Guidelines calculation and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force." *Id. (*citing *Gunter*, 462 F.3d at 237). Third, "after giving both sides the chance to argue for the sentences they deem appropriate, the court must exercise its discretion by considering all of the § 3553(a) factors and determining the appropriate sentence to impose." *Wise*, 515 F.3d at

216-17 (citations omitted). Having set forth the well-established sentencing protocol, the United States will take each step in turn.

### Applicable Guideline Range

The Sentencing Guidelines range applicable to Witherow is a term of imprisonment for 37 to 46 months.  Witherow has objected to the six offense levels added to his base offense level in paragraphs 27 and 28 of the PSIR.  United States Probation has correctly determined that Witherow's objections are meritless.

Application Note 7 to U.S.S.G. § 2K2.1 recommends an upward departure if the defendant's possession of a destructive device presents an especially dangerous situation, such as a "pipe bomb in a populated train station." Notably the note does not recommend a downward departure, or non-application of the enhancement, if the destructive device is possessed under less egregious circumstances. Presumably this is because any possession of a destructive device, no matter its character, presents a dangerous situation deserving of an offense level enhancement.

Witherow mistakenly minimizes the danger presented by flash bang devices. The "inherently dangerous nature" of these devices has long been recognized. *Boyd v. Benton County*, 374 F.3d 773, 779 (9th Cir. 2004); *Estate of Escobedo v. Bender*, 600 F.3d 770, 784-786 (7th Cir. 2010); *United States v. Folks*, 236 F.3d 384, 388 (7th Cir. 2001) (collecting cases) (noted the "potentially serious injuries that may arise from the use of a flash-bang device during a search").  Moreover, in *Estate of Smith v. Marasco*, 318 F.3d 497, 515-18 (3d Cir. 2003), the Third Circuit held that a reasonable jury could find that officers' conduct was unreasonable and excessive

under the Fourth Amendment based, in part, upon the officers' use of a flash bang

device when it was not warranted. Thus, Witherow's objection to the enhancement

in paragraph 27 of the PSIR should be denied.  As noted by United State Probation,

the destructive device enhancement is also not impermissible double counting even

when the destructive device is also the basis for determining the base offense level.

*United States v. McCarty*, 475 F.3d 39 (1st Cir. 2007); *United States v. Lee*, 351 F.3d

350 (8th Cir. 2003).

Witherow's objection to the four-level enhancement at U.S.S.G.

§ 2K2.1(b)(6)(A) is also meritless as his conduct plainly involves sending

ammunition out of the United States to the Netherlands under illegal

circumstances.  He also acknowledged his responsibility for Count One of the

Indictment and agreed that his conduct at that count could be factored into his

guideline calculation.

## Departures

The United States is not seeking a departure or variance.  A sentence within

the Sentencing Guideline range of 37 to 46 months is appropriate in this case.

## Section 3553 Factors

When sentencing a defendant, the Court's reasoning must be guided by all

the sentencing considerations set forth in 18 U.S.C. § 3553(a), not just those related

to a defendant's background or the impact of the sentence on the defendant.  *Wise*,

515 F.3d at 216-17; *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006).  In

pertinent part, these factors include:

(1)     the nature and circumstances of the offense and the history and
        characteristics of the defendant;

(2)     the need for the sentence imposed-- (A) to reflect the seriousness
        of the offense, to promote respect for the law, and to provide just
        punishment for the offense; (B) to afford adequate deterrence to
        criminal conduct; (C) to protect the public from further crimes of
        the defendant; ...

(3)     the kinds of sentences available;

(4)     the kinds of sentence and the sentencing range established for -
        (A) the applicable category of offense committed by the
        applicable category of defendant as set forth in the guidelines- .

(5)     any pertinent policy statement-
        (A) issued by the Sentencing Commission ...

(6)     the need to avoid unwarranted sentence disparities among
        defendants with similar records who have been found guilty of
        similar conduct; and

(7)     the need to provide restitution to victims of the offense.

18 U.S.C. § 3553(a); *Id.*

Notably, these factors do not involve merely a focus upon the defendant's background and the impact of the sentence on the defendant. Rather, a correct application of these factors to any case involves a balancing of all the factors, which include the guidelines, the defendant's criminal conduct, and deterrence and not just a consideration of the defendant's background and history. A solitary focus on only the defendant is certainly not an appropriate way to apply the § 3553 factors to this case. A full consideration of the § 3553 factors necessitates a sentence within the 37-to-46-month guideline range.

1.   **Nature and Circumstances of the Offense**

Witherow illegally shipped ammunition and firearm components to the Netherlands.  He plainly knew the illegality of his conduct as evidenced by his false description of the items he was shipping.  That knowledge did not deter Witherow one bit.  Rather, he shipped illegal items multiple times and surely would have kept doing so had he not been caught.

Witherow's conduct is plainly serious given the deadly nature of what he shipped to the Netherlands and the dangerousness of the flash bangs he possessed. The Court should also be concerned that there appears to be no explanation for how Witherow came into possession of flash bang devices that were thought to be in the inventory of a Colorado police department.

Witherow's clandestine shipments of ammunition and gun components also casts the United States in a negative light as the purveyor of our instruments of danger to a nation with far more restrictive gun laws.  This added international concern is another reason for a guideline range sentence here.  Witherow did not just confine his criminality to our shores, he sent our problem abroad with no regard for the impact his actions could have on America's international standing.

2. **History and Characteristics of the Defendant**

Witherow reported an unremarkable upbringing free from abuse or neglect. While his family struggled to make ends meet, there appear to be no mitigating circumstances in Witherow's family life.

He has no physical or mental problems, nor has he dealt with substance

8

abuse issues.  Witherow has some employment history and is a high school

graduate.  In short, he has had a much better life than many federal criminal

defendants.

Witherow will surely point to his lack of a criminal record.  The lack of a

criminal record, however, is already considered in the Guidelines. *United States v.*

*Jacobs*, 293 F. App'x 884, 886 (3d Cir. 2008) (citing *United States v. Cooper*, 437 F.3d

324, 329 (3d Cir. 2006)).  Witherow's guideline range already reflects his lack of a

criminal record.  He has not explained why he deserves additional credit.

> **3.     The Need for Sentence Imposed to Reflect the Seriousness of
> Offense, to Promote Respect for the Law, and Provide Just
> Punishment for the Offense**

This factor is known as the "just desserts" concept, answering the need for

retribution so that the punishment fits the crime, and the defendant is punished

justly.  *See United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010).  The *Irey*

court cited the Senate Report regarding this provision:

> This purpose--essentially the "just desserts" concept--
> should be reflected clearly in all sentences; it is another
> way of saying that the sentence should reflect the gravity
> of the defendant's conduct.  From the public's standpoint,
> the sentence should be of a type and length that will
> adequately reflect, among other things, the harm done or
> threatened by the offense, and the public interest in
> preventing a recurrence of the offense. (quoting S.Rep.
> No. 98-225, at 75-76, 1984 U.S.C.C.A.N. 3258-59).

*Id.*  Here, a sentence within the guideline range properly reflects the seriousness of

Witherow's shipment of ammunition and gun components, at a time when the

nation and world are deeply concerned about ever increasing gun violence.

Fashioning the appropriate punishment here is a legitimate consideration for the

Court that is not outweighed by the need to rehabilitate Witherow.

### 4. The Need for the Sentence Imposed to Afford Adequate Deterrence

Any time dangerous weapons are involved in a case, deterrence is an

important factor.  Numerous courts have noted that "general deterrence ... is one of

the key purposes of sentencing." *United States v. Dougherty*, 98 F.Supp.3d 721, 727

(E.D. Pa. 2015) (quoting *United States v. McQueen,* 727 F.3d 1144, 1158 (11th Cir.

2013) (quoting *United States v. Medearis,* 451 F.3d 918, 920–21 (8th Cir. 2006)).

Deterrence is also "[a]n important function of the corrections system." *Dougherty*,

98 F.Supp.3d at 727 (quoting *Pell v. Procunier,* 417 U.S. 817, 822 (1974)). "One of

the premises of the penal system is that 'by confining criminal offenders in a

facility where they are isolated from the rest of society, a condition that most

people presumably find undesirable, they and others will be deterred from

committing additional criminal offenses.' " *Id.*

In a community, nation and world plagued by gun violence, the Court can

send an unequivocal message to everyone that those who illegally send ammunition

and gun components abroad will face a significant penalty.  That message is sorely

needed now more than ever.

### 5. The Need to Avoid Unwarranted Sentencing Disparities

The best way for the Court to avoid sentencing disparities is to sentence

within the guideline range.  Witherow's conduct demands such a sentence.  There is

no reason to sentence below the guideline here.  The Guidelines are not a creation of

the Department of Justice or prosecutors.  Rather, they were created and are

maintained by the Sentencing Commission which is a group intended to reflect a

broad cross section including the judiciary, prosecution, defense, and society at

large.  As such, the guidelines should not automatically be considered too harsh.

Witherow's serious conduct demands a serious sentence that can be found within

his applicable guideline range.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

s/ *Christian A. Trabold*
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013

11